**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME PRESAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:14-cv-01740--- SKO<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 7) |

### I.  INTRODUCTION

Plaintiff Cosme Presas ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed this action on November 7, 2014.  (Doc. 1.)  On December 18, 2014, Plaintiff filed a motion requesting the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).  (Doc. 7.)

### II.  DISCUSSION

Plaintiff contends that counsel must be appointed because he is incarcerated and therefore is unemployed, with access to "very limited resources."  (Doc. 7, 1.)  He has "called many attorneys but [gets] no answer because they do not accept collect calls.  The ones that have answered do not want the case[.]"  (Doc. 7, 1.)  Plaintiff contends that the case "is complex and does have merit[,]" and asks the court to appoint counsel to aid him in "sexual abuse laws and procedures to follow through with a complaint in federal court."  (Doc. 7, 1.)

1    Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

Here, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970.

While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status, the test is not whether Plaintiff would *benefit* from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not; the record in this case demonstrates that Plaintiff is capable of articulating his claims.

///
///
///
///
///

2

### III.   CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **January 6, 2015**              /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE

3