# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME PRESAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:14-cv-01740---SKO<br><br>**ORDER THAT PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED WITH 45 DAYS LEAVE TO AMEND**<br><br>(Doc. 9) |

## I.   INTRODUCTION

On January 5, 2015, Plaintiff Cosme Presas ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed an amended complaint against Defendants Watchtower Bible and Tract Society ("the Society"), Olivia Moreno, Wayne Frazee, Marin Moreno, Alicia Navarro, and several Doe defendants (collectively "Defendants"). (Doc. 9.) For the reasons set forth below, Plaintiff's first amended complaint is DISMISSED without prejudice and with leave to amend.

## II.   PLAINTIFF'S ALLEGATIONS

In his first amended complaint filed on January 5, 2015, Plaintiff details half a decade of abuse by congregation members and leaders of the Watchtower Bible and Tract Society of New York. (Doc. 9, 1-3.) He alleges that from 1994 through 1998, he was physically and sexually abused by "Rosa," in both Arvin, California, and Baja California, Mexico. (Doc. 9, 2.)

Plaintiff alleges that he was coerced into performing sexual acts by adult congregation members, for which he was incapable of consenting as a child. (Doc. 9, 2-3.) He alleges that the congregation members gained his compliance by threatening that God would "destroy" him if he "attempt[ed] to bring down [his] own." (Doc. 9, 2.) When he did report abuse, he was "disfellowshipped," his mother was threatened by his abuser, and the New York office repeatedly ignored his letters and calls. (Doc. 9, 3.) Plaintiff also alleges he was physically "punished" through whip lashings and forced feeding. (Doc. 9, 2-3.)

Plaintiff alleges that when he reported the abuse to church elders or wrote the Society's New York office, he either received no response or was told directly to "say nothing." (Doc. 9, 2-3 ("I was ignored by letter and phone and just told they could do nothing and to tell police . . . . I was made to believe nothing would be done.").) Plaintiff "was told not to lie" when he would contact the New York office, and alleges that the elders and members "all showed deliberate negligence" in their refusal to acknowledge or end the abuse he was suffering. (Doc. 9, 3.)

Plaintiff does not identify an amount in controversy, but seeks "declaratory judgment that the defendants violated the laws of the land and abused [him] in the ways listed[,]" monetary damages, compensatory damages, punitive damages, and nominal damages "in an amount to be determined at trial," and all such further relief as the Court deems necessary and just. (Doc. 9, 4.)

### III.   SCREENING STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required,

but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may not simply allege a wrong has been committed and demand relief.  The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 570).  Further, while factual allegations are accepted as true, legal conclusions are not. *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV.   DISCUSSION

The Court must determine whether it has the power to consider the claims alleged within the complaint.  Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is determined and must exist at the time the complaint is filed.  *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to original complaint, and not amended complaint, for subject matter jurisdiction).

The Court has an independent duty to consider its own subject-matter jurisdiction, whether or not the issue is raised by the parties (*id.*), and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").  Subject matter jurisdiction to hear a plaintiff's claim must either "arise under" federal law or be established by diversity jurisdiction.  28 U.S.C. §§ 1331 and 1332.  The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear his claims.

**A.   Plaintiff Fails to Plead a Cognizable Federal Claim**

Construed liberally, Plaintiff seeks civil damages under California state law for "defamation" (Cal. Civ. Code, § 44), "sexual assault" (Cal. Penal Code, § 11165.1(a-b)), "sexual exploitation" (*id.*, § 11165.1(c)), "willful harming or injuring of a child" (*id.*, § 11165.3),

3

"unlawful corporal punishment or injury" (*id.*, § 11165.4).[1]  *See generally* Cal. Civil Code, § 340.1(a) (civil damages for childhood sexual abuse).  Plaintiff alleges that among the Doe defendants who ignored or covered up his abuse were "brothers" and leaders of the Society. (Doc. 9, 1-3.)  As "clergy members," the congregational leaders would be considered "mandatory reporters" under California law, and therefore would be criminally liable under state law for willfully failing to report and "covering up" Plaintiff's allegations of abuse.  Cal. Penal Code, § 11165.7(a)(32) (defining "clergy members" to include priests, ministers, rabbis, religious practitioners, or similar functionaries of churches, temples, or recognized denominations or organizations); *see also Id.*, §§ 11166(a); 11166(d)(2); 11166.01(a-b).  However, these allegations do *not* constitute a federal claim against Defendants, and thus there is no cognizable federal claim to invoke the Court's subject matter jurisdiction.

**B.     Plaintiff Fails to Plead Complete Diversity Jurisdiction**

Subject matter jurisdiction to hear a federal plaintiff's state law claims may be established by diversity jurisdiction.  28 U.S.C. §§ 1331 and 1332.  Here, there is no federal issue underlying Plaintiff's state claims for childhood sexual abuse, so this Court must determine whether it has diversity jurisdiction to hear his claims.

Under 28 U.S.C. § 1332, federal district courts maintain original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 *and* is between "citizens of a State and citizens or subjects of a foreign state."  Here, Plaintiff fails to allege an amount in controversy in excess of the statutory threshold, instead pleading damages "in an amount to be determined at trial[.]"   (Doc. 9, p. 34.)  Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).  The complaint here, however, does not state a specific sum, and it is therefore unclear whether the case meets the statutory requirements for the exercise of federal jurisdiction. 28 U.S.C. § 1332.

//

---

[1]  Plaintiff's tort claims for intentional and negligent infliction of emotional distress, assault, and battery as discussed in section C.  These claims are time barred, and therefore are dismissed with prejudice and without leave to amend.

4

The more critical defect, however, is that Plaintiff's complaint fails to establish complete diversity of citizenship between the parties. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as *any* plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 59 U.S. 77 (2010) (emphasis added). Plaintiff is a citizen of California, and it is unclear from the pleadings that all the named Defendants are citizens of foreign states. (*See* Doc. 9, 1-3.) If any Defendant has the same citizenship as the Plaintiff, the Court has no diversity jurisdiction over this matter.

As the first amended complaint is currently written, the Court must dismiss Plaintiff's remaining state law claims for civil damages arising out of childhood sexual abuse because it does not have subject matter jurisdiction to hear them.[2] *See Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir. 2001) ("[I]f the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

**C.    Plaintiff's State Tort Claims May Be Barred by the Statute of Limitations**

Under California law, defamation claims are subject to a one-year statute of limitations, meaning they must be brought within one year of publication of the defamatory statement or they are time-barred from being heard in court. Cal.Code Civ. Proc. § 340(c). Generally, a cause of action for defamation accrues at the time the defamatory statement is "published," that is "when the defendant communicates the defamatory statement to a person other than the person being defamed." *See, e.g., Shively v. Bozanich*, 31 Cal.4th 1230, 1247 (2003). Plaintiff's first amended complaint does not clearly state when Defendants "worked very hard to marr (*sic*) [his] image so that [he] would be discredited and so no one would believe [him,]" but indicates that their

---

[2] Plaintiff has asked the Court for declaratory judgment and injunctive relief, as well as monetary damages, regarding the physical and sexual abuse he allegedly suffered as a child. (Doc. 9.) Because the complaint is dismissed on jurisdictional grounds, the Court does not have to reach the merits and offers no opinion on whether it may grant the requested relief.

However, the Court notes that Plaintiff's request for "declaratory judgment that the defendants violated the laws of the land and abused [him] in the ways listed" (Doc. 9, 4), is not an appropriate issue for declaratory judgment. *See* Fed. R. Civ. Proc. 57 advisory committee's note (declaratory judgment is intended to affirm "[t]he existence or nonexistence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status[.]").

5

statements were made when he was "around the age of 12." (Doc. 9, 2.) Based on this fact, it appears that the one-year statute of limitations has passed, and Plaintiff's claim for defamation of character is time-barred.

Tort claims for intentional and negligent infliction of emotional distress, assault, and battery must be brought within two years of the commission of the tortious act or else they are time-barred. Cal. Civ. Proc. Code, § 335.1. Here, Plaintiff alleges tort claims arising from abuse occurring nearly two decades ago, far exceeding the two-year statute of limitations. *Id.* In California, a cause of action for tort injuries of a minor does not accrue, and the statute of limitations does not begin to run, until the minor reaches the age of majority -- 18 years of age. Cal. Civ. Proc. Code, § 352; s*ee also Hardin v. Straub*, 490 U.S. 536, 539 (1989) (state law governs not only the length of the limitations period, but also issues of tolling); *Wilson v. Garcia*, 471 U.S. 261, 269 (1985) (same). The first amended complaint does not allege sufficient facts for the Court to determine whether Plaintiff's claims arising from his childhood sexual abuse are time-barred by the applicable statute of limitations. Here, Plaintiff fails to identify his age within the text of the first amended complaint, only noting that he was still a minor during the events he alleges occurred between 1994 and 1998. (Doc. 9, 1-2.) As the first amended complaint is currently written, the Court is unable to determine when Plaintiff turned 18; however, simple math indicates that unless he were born in the year 1994, the period for bringing these claims has already expired under the tolling provision for minority. Cal. Civ. Proc. Code, § 352.

The statute of limitations may also be tolled if the plaintiff's discovery of the injury forming the basis of the cause of action was delayed. *Rupe v. Beard*, No. CV-08-2454-EFS PC, 2013 WL 2458398, at *6 (E.D. Cal. June 6, 2013). The accrual date is set by the date when a plaintiff suspects, *or should suspect*, that his injury was caused by wrongdoing. *Id.* However, Plaintiff does not allege that he only recently discovered an injury that had been caused by Defendants' wrongdoing. Plaintiff states that he "was made to believe nothing would be done and [that]'s why [he] did not prosecute the matter until now that [he] became aware of the laws about sexual abuse and physical abuse towards minors in California." (Doc. 9, 2.) Therefore, the statute of limitations for these tort claims was not tolled by Plaintiff's delayed discovery of his *injuries*.

6

As the first amended complaint is currently written, even if the Court had diversity jurisdiction to hear Plaintiff's state tort claims, these claims may be time-barred by their respective statutes of limitations.

**D.  Plaintiff's State Claims for Sexual Abuse May Be Barred by the Statute of Limitations**

California amended its law governing civil claims for damages based on childhood sexual abuse in 1990 to require such claims be brought within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, "whichever occurs later."  Cal. Civ. Proc. Code, § 340.1(a)[3]; *see Perez v. Richard Roe 1*, 146 Cal.App.4th 171, 182-89 (Cal. Ct. App. 2006) (holding that the law could not constitutionally revive claims that had lapsed under prior limitations periods).  Cal. Civ. Proc. Code, § 640.1(a)(1-3).

Here, Plaintiff alleges childhood sexual abuse occurring between 1994 and 1998, while he was a minor.  (Doc. 9, 1-2.)  The Court is unable to determine from the first amended complaint exactly when Plaintiff turned 18, and whether his claims were brought within eight years of turning 18.  It is also unclear from the first amended complaint whether at some point since turning 18 Plaintiff has discovered, or should reasonably have discovered, a physical injury or illness that was caused by the abuse.  The first amended complaint does not allege sufficient facts for the Court to determine whether Plaintiff's claims arising from his childhood sexual abuse are time-barred by the applicable statute of limitations.

//

//

---

[3] California's penal code permits the State to prosecute child sexual abuse at any time after the expiration of the statute of limitations, or revive a cause of action previously dismissed by the expiration of the statute of limitations, when (1) a victim has reported an allegation of abuse to the police, (2) "there is independent evidence that clearly and convincingly corroborates the victim's allegation," and (3) the prosecution is begun within one year of the victim's police report. Cal. Penal Code, §§ 803(g); 803(g)(A). Federal law similarly permits prosecution of child sexual abuse long after the normal statute of limitations expires.  18 U.S.C. §§ 3283, 3299.  These statutes tolling the statute of limitations are not applicable in this case, because they only authorize *prosecution* of criminal acts committed years beforehand—they do not extend to a federal district court for a civil cause of action for damages.

**E.      Leave to Amend Should Be Granted**

The first amended complaint has not set forth a cognizable federal claim, and there are no facts establishing complete diversity between the parties to establish diversity jurisdiction over Plaintiff's state law claims for childhood sexual abuse.  Because Plaintiff has failed to plead facts invoking the Court's jurisdiction, the first amended complaint must be dismissed.  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").  Plaintiff will be permitted to amend the complaint, to cure these jurisdictional defects and invoke the Court's jurisdiction.

Plaintiff's tort claims for defamation, assault, and battery also appear to be time-barred by their respective statutes of limitations, and his claim for civil damages for childhood sexual abuse may be time-barred, even if jurisdiction is established.  Plaintiff must allege sufficient facts in his amended complaint to both invoke the Court's jurisdiction *and* show his tort claims and claim for civil damages are not time-barred by the applicable statutes of limitations.

Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.  Plaintiff will be given an opportunity to amend the deficiencies of the complaint as discussed above.

Plaintiff is advised that an amended complaint supersedes the original complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Rule 220 of the Local Rules of the United States District Court, Eastern District of California.  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

//

//

8

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;
2. Plaintiff shall file an amended complaint within forty-five (45) days from the date of service of this order; and
3. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **February 17, 2015**              /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE